### BENSON *et al. v.* TAYLOR.

On the interlocutory hearing the issue was not so much the validity of the plaintiffs' title as the fact of their possession.    On that point the evidence was conflicting, but sufficient to sustain the finding that the defendant was not an intruder, but the successor of another tenant of one claiming a title adverse to that of the plaintiff; and this court will not interfere with the finding of the chancellor on such disputed facts.

Argued March 21, — Decided March 24, 1905.

Petition for injunction.    Before Judge Bartlett.    Douglas superior court.    January 4, 1905.

J. S. James contracted to sell to W. A. Sayer a tract of land in Douglas county for $1,900, and delivered to him a bond for title, which on December 10, 1903, Sayer transferred to the Marietta Fertilizer Company.    The transferee paid what was due on the purchase-money, and obtained a deed to the land from J. S. James, and surrendered the bond for title.    It appears that Sayer was elected tax-collector of Douglas county in October 1902, and, on January 3, 1903, executed the bond required by the statute. He was required to give an additional bond, and did so on December 5, 1903.    On June 7, 1904, an execution issued on this bond and was levied on the tract of land referred to.    At the sheriff's, sale thereunder, in August, 1904, J. R. Benson, J. A. Sayer and W. G. Sayer purchased the property and received a deed.    On November 24, 1904, they presented their petition for an injunction against Taylor.    They claimed that W. A. Sayer, defendant in execution, surrendered possession to them, and that on November 15, 1904, the defendant Taylor fraudulently obtained the keys to the house during the absence of the plaintiffs' tenant, and, having entered into possession, began committing acts of waste and trespass. They averred that he was absolutely insolvent; and they prayed for an injunction restraining him from occupying the property, or from committing the depredations referred to in the petition. The defendant demurred on the grounds, that there was no equity

in the petition, and that there was an adequate remedy at law. At the hearing the verified petition was offered in evidence, and there were affidavits sustaining its allegations. The defendant denied the allegations of the petition, and offered affidavits to the effect that he had been put in possession by the agent of the Marietta Fertilizer Company. There was evidence that the Marietta Fertilizer Company, by its agents and tenants, had been in possession since the transfer of the bond for titles; that W. A. Sayer, at the request of the Fertilizer Company, rented the land to John Sayer; that the agent of the Fertilizer Company told John Sayer that Taylor was on his way moving to the house; that he made no objection, and that Taylor moved in and remained in the house; that "the company was in possession, is still in possession, and has been ever since December 10, 1903." The court refused the injunction, and the plaintiffs excepted.

*J. S. James* and *Roberts & Hutcheson*, for plaintiffs.
*W. A. James* and *B. T. Frey*, for defendant.

LAMAR, J. (After stating the foregoing facts.) It is not necessary to determine what was the effect of a failure to record the tax-collector's bond; nor whether the execution was issued on the first or the second bond; nor whether the lien created by the bond, under the Political Code, § 927, and the sale under the execution thereon defeated the interest of the Fertilizer Company, acquired by virtue of Sayer's transfer of the bond for titles. All these matters are proper for determination in a controversy between the petitioners and the Fertilizer Company when an issue in an action of ejectment is made up and submitted to a jury. If the plaintiffs had possession, that was good as against a trespasser. Civil Code, § 3876. If the plaintiffs were in possession, and if the defendant forcibly or fraudulently obtained possession, the injunction should have issued, because the petitioners had no adequate remedy at law, since it is not disputed that the defendant was insolvent, and that he was committing acts of depredation and trespass. But the evidence on this controlling point was directly in conflict, the testimony of the defendant being to the effect that the Marietta Fertilizer Company through W. A. Sayer, John Sayer, and Taylor had been in possession since December 10, 1903, the time of the transfer of the bond for titles to the Fertilizer Company by W. A. Sayer. If this be true, then Taylor was not an intruder, but was

in as tenant of one claiming title to the land. This court will not interfere with the discretion of the trial judge in passing upon the disputed issue of fact.

*Judgment affirmed.    All the Justices concur.*